UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

**CASE NO.:  20-61258-CIV-DIMITROULEAS**

FLORIDA ICE ARENAS, INC. d/b/a
PINES ICE ARENA,

    Plaintiff,

NATIONAL CASUALTY COMPANY AND
THE HARTFORD STEAM BOILER
INSPECTION AND INSURANCE COMPANY,

    Defendants.
_____/

**DEFENDANTS' JOINT MOTION TO CONSOLIDATE**

COMES NOW, Defendants, NATIONAL CASUALTY COMPANY ("NCC") and HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY ("HSB"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 42(a) files this Joint Motion to Consolidate, and as grounds therefor would state as follows:

1. NCC issued an insurance policy to KENDALL ICE ARENA, INC. ("KENDALL") and FLORIDA ICE ARENAS, INC. ("PINES")(collectively referred to as "PLAINTIFFS"), under policy number KKO0000021109000, effective July 1, 2017 through July 1, 2018 ("Subject Policy").  HSB as reinsurer of NCC provided Equipment Breakdown Coverage under the Subject Policy.

2. The Subject Policy provided coverage for ice arenas owned by PLAINTIFFS, located at 11035 Hammocks Blvd., Miami, FL 33196 and 12405-12425 Taft Street, Pembroke Pines, FL 33028.

3. Currently pending are two matters, both filed on May 28, 2020, both of which have been properly removed to Federal Court, U.S. District Court for the Southern District of Florida based upon diversity jurisdiction, captioned: *Kendall Ice Arena, Inc. v. National Casualty Company and the Hartford Steam Boiler Inspection and Insurance Company*, Case No.: 20-22824-Civ-COOKE/GOODMAN and *Florida Ice Arenas, Inc. d/b/a Pines Ice Arena v. National Casualty Company and the Hartford Steam Boiler Inspection and Insurance Company*, Case No.: 20-61258-CIV-DIMITROULEAS.

4. PLAINTIFFS filed a single claim under the Subject Policy for damage at both Kendall and Pines Ice Arenas sustained as a result of Hurricane Irma with reported date of loss of September 10, 2017.

5. The claims were investigated together, assigned the same claim number, involved the same parties, same adjusters, same pre-suit experts and same repair/maintenance contractors. At issue in both matters is the interpretation of the same policy to determine coverage applying substantially similar facts and damages as they both arise from the same storm event and associated power loss.

**Memorandum of Law**

Federal Rule of Civil Procedure 42(a) allows the court to consolidate actions, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." "This rule is a codification of the trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for

litigants'." *Federal Insurance Company v. Banyon 1030-32, LLC*, 2010 WL 3212119, at *1, (Aug. 12, 2010 Fla. M.D. 2010), *citing Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). It is entirely within the discretion of the court to determine, "the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Hendrix*, 776 F.2d at 1495. The consolidation of two matters involving different properties with the same owner, with coverage provided under same policy with the same cause of loss event is proper, particularly when looking at interpretation of coverage under the policy. *See 211 Duval Company, Inc. v. Harlesville Insurance Company*, 2014 WL 7844443, at *1 (Aug. 26, 2014 S.D. Fla.). "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits in a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1033).

These actions involve two ice arenas, owned by PLAINTIFFS, insured under the same Subject Policy, issued by NCC and HSB the reinsurer of NCC providing Equipment Breakdown Coverage, for the same date of loss for damage from the same storm and associated power loss, which is seeking coverage for substantially similar damages which will involve interpretation of the same policy language and endorsements, and to date have been handled and investigated as a single claim by all parties.

WHEREFORE, Defendants, NATIONAL CASUALTY COMPANY and HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY, by and through undersigned counsel, respectfully requests this Honorable Court enter an Order granting Defendants' Motion to Consolidate and for all other relief this Court deems just and proper.

Respectfully Submitted: This 14th day of August, 2020.

| KAUFMAN DOLOWICH & VOLUCK, LLP | BUTLER WEIHMULLER KATZ CRAIG LLP |
|---|---|
| s/Joseph R. Miele_____ <br> Joseph R. Miele, Jr., Esq. <br> Florida Bar No. 426636 <br> Email: jmiele@kdvlaw.com <br> 100 SE Third Avenue, Suite 1500 <br> Fort Lauderdale, FL 33394 <br> Telephone: (954) 302-2360 <br> Facsimile: (888) 464-7982 <br> Attorney For: National Casualty Company | s/Kristin W. Elza_____ <br> THOMAS A. KELLER, ESQ. <br> Florida Bar No.: 0153354 <br> tkeller@butler.legal <br> KRISTIN W. ELZA, ESQ. <br> Florida Bar No.: 64115 <br> kelza@butler.legal <br> Secondary:  lfarrell@butler.legal <br>                     knieman@butler.legal <br> 400 N. Ashley Drive, Suite 2300 <br> Tampa, Florida  33602 <br> Telephone:  (813) 281-1900 <br> Facsimile:    (813) 281-0900 <br> *Attorneys for Defendant, The Hartford Steam Boiler Inspection and Insurance Company* |

**Certificate of Good Faith Conference; Conferred But Unable to Resolve Issues Presented in Motion**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

s/Kristin W. Elza_____
KRISTIN W. ELZA, ESQ.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy hereof has been furnished by e-Service on August 14, 2020 to:

>Michael J. Higer, Esq.
>Gina Clausen Lozier, Esq.
>Christopher B. Choquette, Esq.
>Madelyn Rodriguez, Esq.
>BERGER SINGERMAN LLP
>350 East Las Olas Blvd., Suite 1000
>Ft. Lauderdale, FL 33301

>                                        s/Kristin W. Elza
>                                        _____
>                                        KRISTIN W. ELZA, ESQ.